916 F.2d 715
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kerry N. THOMPSON, Defendant-Appellant.
 No. 90-1182.
 United States Court of Appeals, Seventh Circuit.
 Argued July 12, 1990.
Decided Oct. 17, 1990.
 
 Before CUDAHY and POSNER, Circuit Judges, and PELL, Senior Circuit Judge.
 
 ORDER
 
 1
 On August 3, 1989, the grand jury indicted Kerry Thompson, Wesley Dennis, and Keith James Wims on one count of conspiring to distribute cocaine. The three defendants were tried together, and the jury convicted all three on the conspiracy charge. Defendant-appellant Thompson now appeals that conviction, alleging that the district court erred in refusing to give two instructions to the jury.
 
 
 2
 The evidence at trial, considered in the light most favorable to the government, demonstrated Thompson's participation in two transactions involving cocaine. In the first transaction, Thompson met with undercover government agent Myers and discussed the purchase of cocaine. Thompson informed Myers that he would have to contact his man, and made a telephone call. Defendant Dennis then met with Thompson, and later Dennis drove to the place where the exchange was to occur. After meeting with Dennis a second time, Thompson brought the cocaine to Myers for the sale. The second transaction involved Thompson and defendant Wims. Thompson again informed Myers that his man had the cocaine. Myers drove Thompson to a park where Wims and McKinley (who was not charged) were standing. Thompson stopped at their car briefly and then met with Wims in the park. After that encounter, Thompson retrieved cocaine from a garbage can at the park and sold it to Myers. At his arrest, Wims possessed money from that cocaine transaction and $100.00 from the previous transaction involving Thompson and Dennis.
 
 
 3
 Thompson's first argument is that the district court erred in refusing to give defendant's proposed multiple conspiracy instruction. That instruction stated that the government must prove the single conspiracy actually alleged, and that the jury could not properly convict if it determined that multiple conspiracies existed. The basis for this instruction was the possibility that two distinct conspiracies were involved, one between Thompson and Dennis and the other between Thompson and Wims. According to Thompson, the failure of the district court to provide this instruction allowed the jury to convict him even if it determined that he was not guilty of the conspiracy charged in the indictment.
 
 
 4
 The government responds that the court did not err because the evidence demonstrated a single conspiracy. In the alternative, the government argues that the instructions given adequately apprised the jury of the need to find a single conspiracy, and that Thompson was not prejudiced by the court's refusal to give the instruction.
 
 
 5
 Thompson's arguments in support of this contention are not clear. While challenging the court's refusal to give the multiple conspiracy instruction, Thompson also appears to argue that the evidence presented at trial was insufficient to demonstrate a single conspiracy; however, Thompson does not explicitly assert a sufficiency of the evidence challenge or claim that a variance existed between the charge in the indictment and the proof offered at trial. In United States v. Sophie, 900 F.2d 1064, 1081 n. 5 (7th Cir.1990), we refused to consider a defendant's allegation of a fatal variance because he had not analyzed the sufficiency of the evidence as it related to him. Thompson similarly makes no effort in this case to support his claim that the evidence showed only a multiple conspiracy. We will assume, however, that the variance claim as well as the claim regarding the multiple conspiracy instruction were properly raised for the purposes of this decision.
 
 
 6
 A variance occurs if the evidence offered at trial proves facts materially different from those alleged in the indictment. United States v. Grier, 866 F.2d 908, 931 (7th Cir.1989). The indictment in this case alleged that Thompson, Wims, and Dennis engaged in a conspiracy to distribute cocaine in violation of 21 U.S.C. Sec. 846. The alleged variance in this case is based upon Thompson's contention that the government demonstrated two distinct transactions rather than one ongoing conspiracy. We need not address this argument, however, because Thompson could not obtain a reversal on this ground even if he could prove the alleged variance. In United States v. Lindsey, 602 F.2d 785 (7th Cir.1985), we held that if the evidence proves multiple conspiracies rather than a single conspiracy, reversal is not required unless defendant was prejudiced by the erroneous presentation of the case to the jury on the overall conspiracy charge. We noted that the Supreme Court has identified four factors relevant to the prejudice determination:
 
 
 7
 (1) surprise to the defendant resulting from the variance, (2) possibility of subsequent prosecution for the same offense, (3) likelihood of jury confusion as measured by the number of conspirators charged and the number of separate conspiracies proven, and (4) likelihood of jury confusion in light of the instructions given the jury limiting or excluding the use of certain evidence not relating to the defendant.
 
 
 8
 602 F.2d at 787. None of these factors demonstrate prejudice in this case. Thompson was involved in both of the transactions which formed the basis for the indictment. Therefore, there is no danger of a conviction based upon evidence unrelated to the defendant's involvement, and also no possibility of surprise. Moreover, Thompson argues that two conspiracies were involved rather than one; therefore, this case does not present a likelihood of jury confusion based upon the number of conspirators and conspiracies. Finally, Thompson does not face the threat of double jeopardy. Because none of the relevant factors indicate prejudice, Thompson could not obtain a reversal even if he could demonstrate that multiple conspiracies were proven rather than the single conspiracy charged in the indictment.
 
 
 9
 For similar reasons, Thompson cannot succeed on his claim that the district court improperly refused the multiple conspiracy instruction. Because Thompson objected to the court's refusal, our standard of review of the refusal is whether the defendant was prejudiced by it. Grier, 8866 F.2d at 932, citing Hamling v. United States, 418 U.S. 87, 134-35 (1974). Thompson does not argue any prejudice that resulted from this failure, and none is apparent on the record. For instance, this case does not present the possibility that the jury would consider against Thompson evidence pertaining to other defendants with whom he did not conspire, see United States v. Briscoe, 896 F.2d 1476, 1513 (7th Cir.1990), because Thompson was involved in both of the transactions. Moreover, the instructions tendered by the court to the jury adequately defined the scope of the jury's review. Specifically, the court included instructions directing the jury to give separate consideration to each defendant, and to disregard any evidence admitted solely against another defendant. The court also informed the jury that a person cannot conspire with himself, that at least two persons must be participants in a conspiracy, and that the jury could not convict any defendant unless it found that the conspiracy existed and that defendant was a willful participant. These instructions sufficiently apprised the jury of the need to find the conspiracy alleged in the indictment before convicting any defendant. See Briscoe, 896 F.2d at 1513; Grier, 866 F.2d at 932-33. Therefore, Thompson has failed to allege reversible error in the district court's refusal to issue the multiple conspiracy instruction.
 
 
 10
 Thompson's second argument is that the court erred in refusing to instruct the jury that acquittal of all co-defendants on the conspiracy charge required an acquittal of Thompson if no other conspirators were identified. As discussed previously, a court's refusal to tender a jury instruction does not constitute reversible error if the defendant was not prejudiced by that refusal. We need not determine whether the acquittal instruction was warranted in this case because all three defendants were convicted. As a result, the jury was not faced with the situation in which no co-conspirators were convicted. Moreover, the instructions tendered to the jury, as discussed above, adequately informed the jury of the need to find at least two conspirators in order to convict. Therefore, the court did not commit reversible error in denying Thompson's proposed instructions. The decision of the district court is
 
 
 11
 AFFIRMED.